FILED
U.S. DISTRICT COURT
DIV.
2011 JAN 19 AM 8:20
CLERK R. Clark
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,

v.  :  CASE NO.: CR509-09

CURTIS PIERCE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Curtis Pierce ("Defendant") has been indicted for possession of a firearm by a person convicted of a felony and a crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(1) and (9). Defendant filed a Motion for Psychiatric Examination, which the undersigned granted by Order dated May 11, 2009. Dr. Christine Scronce with the Bureau of Prisons examined Defendant to determine whether Defendant was competent to stand trial and whether Defendant understood the nature and quality of his alleged crime and could differentiate between right and wrong at the time of his alleged criminal conduct. In a forensic evaluation dated October 9, 2009, Christine Scronce, Ph.D. opined that Defendant was competent to stand trial, but his competence was highly dependent upon his compliance with antipsychotic medication. Subsequent to his transfer to Ware State Prison, Defendant did not receive or was not compliant with the antipsychotic medication. On December 7, 2009, Defendant's attorney filed an Objection to Finding of Competency. On March 31, 2010, Defendant was found not competent to stand trial and committed to the custody of the Attorney General for a

period not to exceed four months to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the trial to proceed pursuant to Title 18, U.S. Code, Section 4241(d). Another competency hearing took place before the undersigned on January 6, 2011, at which Dr. Lucking testified telephonically. A report was submitted by Dr. Lucking and Dr. Weaver, which stated that with the aid of the medication Thioxithene, Defendant's competency had been restored. (Doc. No. 49).

In Dusky v. United States, 362 U.S. 402 (1960), the Supreme Court set forth the test to determine whether a defendant is competent to stand trial. This two-pronged test has been followed in the Eleventh Circuit on several occasions. See, e.g., Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1256 (11th Cir. 2002). Specifically, the Eleventh Circuit stated in Wright, "the standard for mental competency to stand trial is 'whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" Wright, 278 F.3d at 1256 (quoting Dusky, 362 U.S. at 402).

The psychiatric report states:

In regard to the issue of competency to stand trial, it is the opinion of the primary evaluator that Mr. Pierce is competent to stand trial. Mr. Pierce possesses an adequate and factual understanding of the charges against him. He has an adequate understanding of the pleas available to him and the consequences of each. Mr. Pierce understands the seriousness of his legal difficulty at this time. He understands the roles and functions of the courtroom personnel. He exhibits a reasonable understanding of the adversarial nature of the courtroom proceedings. He has no idiosyncratic or delusional beliefs about his attorney. There are no major psychiatric symptoms currently present which would prevent him from working with his attorney to plan a legal strategy. Mr. Pierce appears to have the ability to engage in a forthright and candid relationship with his attorney if he

> chooses to do so. At this time it appears that Mr. Pierce has the capacity to follow the proceedings in the courtroom and to assist his attorney during the trial. He also appears to be capable of rationally waiving his right to trial and other constitutional protections. It is also our opinion that Mr. Pierce has the capacity to testify adequately in his own behalf if it is decided that he should do so. In summary, it is the opinion of the Forensic Team that Mr. Pierce is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

(Doc. No. 49, pp. 10-11). Nurse Donna Bennett at the Ware County Jail provided an affidavit stating that Defendant has been one hundred percent compliant with his medication dosage since December 19, 2010.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Curtis Pierce be found competent to stand trial.

**SO REPORTED** and **RECOMMENDED**, this 19th day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE